# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

EUSTOLIO GARCIA GONZALEZ,        )
                                 )
        Petitioner,              )
                                 )
v.                               )        Case No. CIV-25-1494-D
                                 )
PAMELA BONDI, *et al.*,          )
                                 )
        Respondents.             )

## <u>ORDER</u>

Petitioner Eustolio Garcia Gonzalez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Mexico who entered the United States in or about 2010. *Id.* at p. 3. Petitioner was detained on November 8, 2025, and has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since that time. *Id*. He is currently housed at the Kay County Justice Facility in Newkirk, Oklahoma. *Id*.

Petitioner's removal proceedings are ongoing. He is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, he argues that he is entitled to a bond hearing because he is a member of the certified "Bond Eligible Class" recognized in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *2 (C.D. Cal. Dec. 18, 2025). Additionally, he argues that § 1225(b)(2)(A) does not apply to him because he is not an arriving alien, as he was residing in the interior of the United States when he was detained, and is not "seeking admission" within the meaning of § 1225(b)(2)(A). [Doc. No. 1]. Because of his assertion that § 1225(b)(2)(A)

1

does not apply to him, Petitioner further asserts that his continued detention without a bond hearing violates his due process rights. *Id.* Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a). *Id.*

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 9], and Petitioner filed a reply [Doc. No. 10].

On March 10, 2026, the magistrate judge issued a Report and Recommendation. [Doc. No. 11]. The magistrate judge recommends that the Court reject Petitioner's argument that he is entitled to a bond hearing pursuant to *Bautista*, 2025 WL 3713987, at *2. However, the magistrate judge recommends that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 12], and Petitioner did not file an Objection. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

Respondents object to the magistrate judge's conclusion that § 1226(a) applies to Petitioner's detention, and not § 1225(b)(2)(A), as suggested by Respondents. Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643,

at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[1] *See Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez v. Noem*, CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

3

hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and he is therefore entitled to a bond hearing.[2] *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 11] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 18th day of March, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.